# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

ALI AWADALLA,

          Petitioner

v.

JOHN MATTOS, NSDC Warden;
MICHAEL BERNACKE; Field Director,
West Valley City Office of ICE ERO; TODD
LYONS, ICE Acting Director;
MARKWAYNE MULLIN, DHS Secretary;
PAM BONDI, U.S. Attorney General,

          Respondents.

Case No. 2:26-cv-00419-APG-NJK

**Order Granting, in part, Amended Petition
for Writ of Habeas Corpus**

[ECF No. 7]

Petitioner Ali Awadalla, a native of Sudan (now commonly known as North Sudan), was ordered removed to North Sudan on January 18, 2018.  In the eight years since, the United States has been unable to remove him.  Awadalla was most recently re-detained by ICE in either March or July 2025 (the parties are not clear about the date).  Despite his and the government's efforts, neither North Sudan nor South Sudan will issue him travel documents, and Egypt (where he briefly lived as a child) will not accept him.

Mr. Awadalla filed an Amended Petition for Writ of Habeas Corpus seeking his immediate release from custody under, among other bases, *Zadvydas v. Davis*, 533 U.S. 678 (2001). ECF No. 7.  The respondents agree that there is no significant likelihood of removal in the reasonably foreseeable future. ECF No. 12.  Thus, the respondents tacitly concede that, under *Zadvydas*, Mr. Awadalla's Amended Petition should be granted.

I have jurisdiction to hear a federal habeas corpus petition challenging continued custody after a final deportation order. *Zadvydas*, 533 U.S. at 687.  *Zadvydas* "construed § 1231(a)(6) to

mean that an alien who has been ordered removed may not be detained beyond a period reasonably necessary to secure removal, and it further held that six months is a presumptively reasonable period." *Jennings v. Rodriguez*, 583 U.S. 281, 298-99 (2018) (simplified).  "After that, . . . if the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must either rebut that showing or release the alien." *Id.* (quotation omitted).

Mr. Awadalla has been held in custody for far more than six months, so the *Zadvydas* presumption of unreasonable detention applies.  Given that the respondents agree there is no significant likelihood of removal in the reasonably foreseeable future, Mr. Awadalla is entitled to be released from custody.  Therefore, I grant Grounds One and Two of Mr. Awadalla's Amended Petition, which rely on *Zadvydas* as the basis for his release.

Grounds Four and Five of the Amended Petition argue that ICE recently adopted a policy allowing removal to a third country without sufficient notice and an opportunity for deportees to demonstrate a fear of persecution or torture. ECF No. 7 at 6-6, 16.  This, Mr. Awadalla argues, violates his constitutional rights and the Administrative Procedures Act. *Id*.  The respondents do not address these grounds and therefore concede them. *See also* Local Rule 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion.").  I therefore grant Grounds Four and Five of the Amended Petition.  Given my decision, I need not address Ground Three of the Amended Petition.

I THEREFORE ORDER that Mr. Awadalla's Amended Petition for Writ of Habeas Corpus **(ECF No. 7) is granted.**  I declare that Mr. Awadalla's ongoing detention violates the Due Process Clause of the Fifth Amendment.

2

I FURTHER ORDER respondent John Mattos to release Mr. Awadalla from the custody of CoreCivic on Monday, April 6, 2026, no later than 1:00 p.m.  The respondents must transport Mr. Awadalla to 501 Las Vegas Blvd South, Las Vegas, Nevada that same day.  Mr. Awadalla is reinstated to supervision and will remain subject to whatever conditions of supervision were previously imposed upon him by the Immigration Judge prior to his recent detention.

I FURTHER ORDER that the respondents are permanently enjoined from further unlawful detention of Mr. Awadalla under *Zadvydas v. Davis*, 533 U.S. 678 (2001) or any other applicable law.  The respondents are prohibited from revoking Mr. Awadalla's release on the order of supervision absent proof of changed circumstances making his removal reasonably foreseeable and without first following the required statutory procedures.

I FURTHER ORDER that the respondents are prohibited from removing Mr. Awadalla to a third country without a reasonable opportunity to reopen his proceedings before an Immigration Judge.

I FURTHER ORDER the clerk of the court to close this case.

Dated: April 2, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE